UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| STEPHANIE EADS | : |
| Plaintiff, | : |
| v. | : |
| | : Case No. : |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Stephanie Eads, for her Complaint against the Defendant, Hartford Life and Accident Insurance Company, states as follows:

### Jurisdiction, Venue, and Parties

1. Plaintiff's claims arise from the wrongful termination of her long-term disability ("LTD") benefits under an employee welfare benefit plan; and seek to recover benefits due Plaintiff under the terms of the long-term disability plan, to enforce and clarify her rights, for full and fair review, and for other equitable remedies.

2. Plaintiff is a citizen of the State of Kentucky, residing in Boone County, who, at all times relevant to this action, was a participant in the Group Long Term Disabiltiy Plan for employees of Cincinnati Children's Hospital Medical Center, Participating Employer of the Trustees of the Children's Hospital Association and Affiliated Organizations Trust (the "Plan"),

sponsored by Trustees of the Children's Hospital Association and Affiliated Organizations Trust Wilmington Trust Company ("Plan Sponsor"), of which her employer, Cincinnati Children's Hospital Medical Center in Cincinnati, Ohio, is a participating employer.

3. Defendant, Hartford Life and Accident Insurance Company ("Hartford") is a foreign company authorized to transact business in Kentucky to which Cincinnati Children's Hospital Medical Center and/or Plan Sponsor delegated its fiduciary responsibility of making benefit determinations for the Plan. Hartford may be served at its offices, located at 200 Hopmeadow St., Simsbury, CT 06089.

4. The Plan is funded through an insurance policy issued by Defendant Hartford, Policy No. GLT395115.

5. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA")§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify her rights to future benefits under the Plan. The Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), (f) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendant because it undertook to insure an ERISA plan that affected participants residing in Hebron, Kentucky, because Defendant can be found in this judicial district, and because the breach of the plan occurred within this judicial district.

## **Claim for Relief**

6. Plaintiff worked at Cincinnait Children's Hospital Medical Center ("CCHMC") and paid premiums for disability benefits under a group long-term disability plan provided by CCHMC to its employees.

7. Plaintiff was a plan participant in and beneficiary under the Plan and entitled to seek benefits thereunder at all relevant times.

8. Hartford is the Plan's claims review fiduciary and/or claims administrator with authority to determine eligibility for benefits under the Plan and provided claims administration services and made claim determinations.

9. The Plan provides for the payment of disability benefits to Plan participants who become "disabled" as defined in the Plan.

10. Plaintiff became disabled as defined under the Plan on or about March 11, 2015 when she went out of work due to, among other conditions, bilateral pelvic and hip dysfunction. Despite consistent treatment, including invasive surgical procedures and injections, Plaintiff's severe, chronic hip pain continued in conjunction with back, lower extremity, left hip and groin pain, tenderness, limited range of motion, antalgic gait, degenerative disc disease on lumbar spine, foraminal compression, trigger points, and hypertonicity. As a result of Plaintiff's physical conditions, Plaintiff also suffers from chronic pain, chronic severe depression and anxiety.

11. As a result of these and other conditions, Plaintiff remains disabled as defined by the Plan.

12. Hartford paid benefits under the short-term disability plan sponsored by CCHMC, and administered by Hartford until she exhausted the benefits available through the short-term disability policy.

13. Plaintiff timely submitted a claim for long-term disability benefits to Hartford, including MRI results, medical records, and statemnts from her treating physicians that Plaintiff was unable to sit, stand, or walk for more than 20 minutes at a time, and that her condition is not improviving. among other limitations. Hartford's medical consultants agreed with Plaintiff's treating physicans and, consequently, approved Plaintiff's claim for monthly benefits effective September 11, 2015.

3

14. On or about July 14, 2017, Hartford notified Plaintiff that it had denied her claim for continued long-term disability benefits beginning July 1, 2017, relying on a medical review purportedly performed by a "Dr. Young Don Oh".

15. Plaintiff timely requested a review of the denial of the claim for continued benefit and forwarded to Hartford medical records from her treating physicians and all other necessary information for review.

16. By letter dated March 12, 2018 again Hartford denied Plaintiff's claim for continued monthly benefits under the Plan.

17. By letter dated June 4, 2018, Hartford notified Plaintiff that the medical review on which it relied to deny Plaintiff's claim for continued benefits was completed by an unlicensed individual illegally using another doctor's medical credentials.

18. Plaintiff requested that Hartford re-evaluate her claim and submitted additional medical records and statements from her treating physicians supporting her continued disability under the Plan.

19. Despite providing Hartford with the information it claimed was missing in denying her claim, Hartford contened to deny her claim for monthly benefits under the Plan.

20. Hartford's final denial was based, in whole or in part, on the file review performed by an unlicensed individual illegally using another doctor's medical credentials.

21. Hartford's denials constitute a breach of its obligation under the Plan and ERISA to pay benefits to Plaintiff, and Plaintiff has exhausted all administrative remedies set forth in the Plan and required by ERISA.

22. This Court should review the decision to terminate Plaintiff's claim for LTD benefits under a *de novo* standard of review because Hartford failed to follow applicable ERISA regulations, the Plan's requirements and terms, and its own policies and procedures, and because Plaintiff was denied a full and fair review.

23. Alternatively, the termination of Plaintiff's LTD benefits was wrongful, arbitrary, and capricious, and not the product of a deliberate principled reasoning process, including Hartford's wrongful disregard of the medical evidence and opinions of Plaintiff's own treating physicians; refusal to consider the effects of her chronic pain on her ability to perform her own or any occupation on a full-time basis; failure to follow its own policies and procedures; denying Plaintiff a full and fair review; wrongfully relying on a flawed and biased record for review; refusing to consider and apply the correct definition of disability under the Plan; and relying on a consultant's opinion performed illegally by an unlicensed individual fraudulently performing medical record reviews on someone else's behalf.

24. Hartford's decision to deny Plaintiff's claims was made under a conflict of interest, in that Hartford was deciding whether to expend its own funds to pay the claim, and this conflict of interest must be weighed in the review of Hartford's denial of the claim.

25. Plaintiff is entitled to discovery to probe and ascertain the issues of procedural due process and conflict of interest and bias under which Hartford reviewed and failed to properly adjudicate Plaintiff's claim for benefits.

26. Plaintiff was and continues to be disabled as defined under the Plan.

27. As a result of the foregoing, Plaintiff has suffered losses in the form of unpaid benefits of at least approximately $2,132.31 per month, subject to any offsets under the Plan, from

approximately July 1, 2017 and continuing for as long as she remains disabled under the Plan or until her normal retirement age.

28. Plaintiff is entitled to a judgment against Defendant in the amount of the unpaid benefits under the Plan, as well as an order requiring the Plan to pay benefits to her for as long as she remains disabled under the Plan.  Plaintiff is further entitled to prejudgment interest and an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Stephanie Eads, requests the Court grant her the following relief from Defendant, Hartford Life and Accident Insurance :

a) a judgment in the amount of all her past-due benefits under the Plan;

b) an order requiring the Defendants and/or the Plan to pay her benefits for as long as she remains disabled;

c) her costs and attorney's fees; and

d) all other relief to which she is entitled, including a *de novo* review of the decision to deny the claim.

Dated: December 12, 2018

s/ Claire W. Bushorn Danzl
Claire W. Bushorn (Ky Bar No.:94782)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street
Cincinnati, Ohio 45202
513.827.5771 – phone
513.725.1148 – fax
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiff*
